IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| HESS OIL VIRGIN ISLANDS CORP. and AMERADA HESS CORPORATION, | ) ) ) ) | Case No. 1:03-CV-147-RLF-GWC |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| INGERSOLL-RAND COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT INGERSOLL-RAND COMPANY'S
MOTION TO COMPEL DISCOVERY</u>**

COMES NOW Defendant Ingersoll-Rand Company ("Ingersoll-Rand"), by its attorneys Law Office of John H. Benham, P.C. (John H. Benham of counsel), and submits this Memorandum in Support of Defendant Ingersoll-Rand Company's Motion to Compel Discovery from Plaintiffs Hess Oil Virgin Islands Corp. ("HOVIC") and Hess Corporation f/k/a Amerada Hess Corporation ("AHC").

**I.   Introduction and Summary**

This action arises from the Plaintiffs' alleged settlement of hundreds of asbestos-exposure lawsuits filed in the Territorial Court of the Virgin Islands (since renamed as the "Superior Court of the Virgin Islands").   These lawsuits were consolidated for purposes of discovery and case management in the docket styled *In Re: Kelvin Manbodh Asbestos Litigation Series,* Terr. Ct. Civil 324/1997 ("*Manbodh* litigation').   *Second Amended Complaint at ¶ 7.* At some time on or before January 21, 2003 the Plaintiffs settled all of the claims in the *Manbodh* litigation.  In this action the

Plaintiffs seek contractual indemnity from Ingersoll-Rand for the amount paid in settlement. *Second Amended Complaint at ¶ 9.*

Although this action is based on the settlement the Plaintiffs have continually objected to every interrogatory and document production request seeking information on the settlement. The Plaintiffs have also refused to identify with any specificity the contract or contracts which give rise to their claim of contractual indemnity. The various interrogatories and document production requests addressed in this Memorandum are organized according to the subject matter of the discovery requests:

- the underlying settlement with the claimants in the *Manbodh* litigation;

- identification of the contract or contracts of indemnity on which this litigation is premised;

- identification of any Ingersoll-Rand product which was alleged to have caused exposure to any claimant in the *Manbodh* litigation; and

- payments to HOVIC or AHC by any other persons or entities in response to demands for indemnity by HOVIC or AHC.

All of these areas of inquiry are well within the scope of discovery of the most basic facts in this litigation - the bases of the Plaintiffs' complaint and the damages which the Plaintiffs are seeking to recover. Both HOVIC and AHC have refused to supply this information, substituting obfuscation and evasion in lieu of providing substantive information.

## II. Discovery Requests, the Inadequate Responses and Objections, Analysis and Argument for Compelling Discovery

**A.    HOVIC's and AHC's Responses and Objections to Ingersoll-Rand's Interrogatories and Production Requests seeking information regarding the settlement of the *Manbodh* litigation claims.**

**(1) <u>Interrogatory Responses</u>**

Ingersoll-Rand's First Set of Interrogatories to HOVIC

included the following inquiries:

**Interrogatory No. 2:**    As to each plaintiff's claim identified in response to Interrogatory no. 1, state the total amount paid in settlement of that claim by HOVIC, Amerada Hess Corporation and/or their insurers.

**Interrogatory No. 3:**    As to the amounts stated in response to Interrogatory No. 2, specify as to each payment the amount paid by HOVIC, the amount paid by Amerada Hess and the amount paid by any insurer, including identification of each insurer.

In response to each of these interrogatories, HOVIC interposed the

following identical, and lengthy, objection:

Objection.  See Preliminary Statement of Objection.  HOVIC further objects on the grounds that a response related to any other person or entity other than HOVIC is oppressive, or overly broad and unduly burdensome.  HOVIC further objects on the grounds that any response related to HOVIC may not be provided inasmuch as the terms of the settlement agreements between HOVIC, the underlying plaintiffs, or other parties are subject to confidentiality agreement which may not be violated in the absence of an appropriate Court order.

Without waiving these objections, HOVIC responds as follows: In addition HOVIC has posted its Rule 26(a)(1) disclosures on its website.  With respect to 26(a)(1)(C), HOVIC responds on its website as follows:

HOVIC seeks to recover those monies paid in settlement of all cases included in the In re Manbodh Asbestos Litigation Series. The amounts of the settlements are confidential and protected from disclosure and will not be produced except on Motion and Resulting Order of the Court.

HOVIC rightfully protects the confidential settlement amounts, because the propounding parties have not made the requisite particularized showing of likelihood that admissible evidence will

be generated by the disclosure of the settlement amounts. *See Bottaro v. Hatton Associates,* 96 F.R.D. 158 (E.D.N.Y. 1982).

HOVIC asserts that the confidential settlement amounts are reasonable and emphasizes that it is not seeking recovery of amounts in excess of the settlements from Defendant.

HOVIC continues to be willing to disclose the amounts *in camera*, so that the Court can confirm that the amounts to be paid by Defendant in contribution and indemnification do not exceed the amounts paid by HOVIC.  Other than this *in camera* review, the propounding parties have no right to the settlement amounts, as the amounts will not lead to the discovery of any admissible evidence and the disclosure of the amounts would severely prejudice HOVIC in the future.

The complaint in this action also seeks the recovery of attorneys fees and costs incurred in the defense of the *Manbodh* litigation.  Accordingly, Ingersoll-Rand sought information regarding that aspect of the claim, and propounded the following interrogatory:

> **Interrogatory No. 13:** (A)  Identify the costs and attorneys fees you have incurred as alleged at paragraph 27 of the Second Amended Complaint.
> (B)  Identify those persons or entities, including insurers, who paid these costs and attorneys fees.

No information was provided, instead only the following:

**Response to Interrogatory No. 13:** Objection.  See Preliminary Statement of Objection. HOVIC specifically objects to this discovery request to the extent that the identity of the costs and attorney fees incurred and the identity of those individuals who paid those fees contain information subject to the work product and attorney client privilege.[1]

On December 10, 2008 HOVIC and AHC served a "Supplemental Disclosure" consisting of a "Listing of all Plaintiffs for which

---

1.  As a result of counsel's conference on April 9, 2009 it is anticipated that this objection will be withdrawn and that a substantive response will be provided to this interrogatory, or that the Plaintiffs will withdraw this part of their claim.  This issue is included in the event that does not occur.

Hess Oil Virgin Islands Corp. and Hess Corporation f/k/a Amerada Corporation are seeking indemnification". Following up on this "Supplemental Disclosure", Ingersoll-Rand propounded a Second Set of Interrogatories to both HOVIC and AHC. Interrogatory No. 1 of this second set inquired:

> **Interrogatory No. 1:** As to every person identified in the Plaintiffs' Supplemental Disclosure of December 10, 2008 (attached hereto as Exhibit A), state the following:
>     (a) the respective total amount paid in settlement to each of those persons;
>      (b) of the total amount paid to each person, state the specific sum paid by:
>         (i) HOVIC;
>         (ii) AHC;
>         (iii) any other person or entity, including insurers of AHC and/or HOVIC, identifying each other payor and the amount paid by each.

In response to this interrogatory both HOVIC and AHC interjected exactly the same objection which is quoted at length above. *HOVIC's Responses to Ingersoll-Rand Company's Second Set of Interrogatories, served April 1, 2009 & Hess Corporation f/k/s Amerada Hess Corporation's Responses to Ingersoll-Rand Company's Second Set of Interrogatories, served April 1, 2009.*

**(2) <u>Document Production Requests</u>:** Ingersoll-Rand propounded the following document production requests regarding the settlement of the *Manbodh* litigation to both HOVIC and AHC:

**Request No. 3:** All documents stating or reflecting the settlement with the settled plaintiffs referred to in paragraph 9 of the Second Amended Complaint.

<u>Response</u>: Objection. *See* preliminary statement of objections. HOVIC further objects on the grounds that a response related to any person or entity other than HOVIC is oppressive, or overly broad and unduly burdensome. HOVIC further objects on

the grounds that any response related to HOVIC may not be provided inasmuch as the terms of the settlement agreements between HOVIC, the underlying plaintiffs, or other parties are subject to confidentiality agreements which may no be violated in the absence of an appropriate Court order. Without waiving said objection, all settlement documents with the Kelvin Manbodh plaintiffs are available on the HOVIC website.

**Request No. 4:** All documents referring or relating to payments by HOVIC to the settled plaintiffs.

Response: Objection. See preliminary statement of objections. HOVIC rightfully protects the confidential settlement amounts, because the propounding parties have not made the requisite particularized showing of likelihood that admissible evidence will be generated by the disclosure of the settlement amounts. *See Bottaro v. Hatton Associates*, 96 F.R.D. 158 (E.D.N.Y. 1982).

HOVIC asserts that the confidential settlement amounts are reasonable and emphasizes that it is not seeking recovery of amounts in excess of the settlements from Defendant.

HOVIC continues to be willing to disclose the amounts *in camera*, so that the Court can confirm that the amounts to be paid by Defendant in contribution and indemnification do not exceed the amounts paid by HOVIC. Other than this *in camera* review, the propounding parties have no right to the settlement amounts, as the amounts will not lead to the discovery of any admissible evidence and the disclosure of the amounts would severely prejudice HOVIC in the future.

**Request No. 5:** All documents referring or relating to payments by AHC to the settled plaintiffs.

Response: Please see the response to Request for Production No. 4.

**Request No. 6:** All documents identifying those insurance companies which contributed payments to the HOVIC/AHC settlement with the settled plaintiffs.

Response: Objection. *See* preliminary statement of objections. Plaintiffs further object that the documents requested, if any, are irrelevant to Plaintiffs' claims for indemnification and contribution.

**Request No. 7:** All documents referring or relating to payments by the insurers of AHC and/or HOVIC to the settled plaintiffs.

<u>Response</u>: Please see the response to Request for Production No. 6.

**Request No. 8:** All documents stating, referring or relating to agreements between HOVIC and/or AHC and their insurers regarding the settlement agreement with the settled plaintiffs, including but not limited to any loan agreements, promissory notes and assignments.

<u>Response</u>: Please see the response to Request for Production No. 6.

**(3) Analysis and Argument as to discovery requests seeking information and documents relating to HOVIC's and AHC's settlement with the *Manbodh* claimants.**

Federal Rule of Civil Procedure 33(b)(4) requires that the "grounds for objecting to an interrogatory must be stated with specificity". HOVIC's and AHC's general invocation of the "Preliminary Statement of Objection" fails to comply with this rule. Accordingly, the general objections included in the Plaintiffs' "Preliminary Statement of Objection" are waived. Moreover, the specific objections stated are misplaced. The objections assert confidentiality concerns which should have been raised in a request for a protective order. HOVIC has the burden of proving the factual bases for the objections of confidentiality, oppressiveness, overbreadth and undue burden. Having failed to take the proper steps to obtain protection upon the grounds claimed, these objections have been waived. See Fed. R. Civ. P. 33(b)(4).

The claim that the amounts of the settlements with the settled plaintiffs are confidential and protected from disclosure is absurd in the context of this litigation. The settlement allegedly forms

the basis of HOVIC's and AHC's claims in this lawsuit. *Second Amended Complaint at ¶ 9.* HOVIC's and AHC's objection relies upon the notion of a heightened standard for discovery of settlement agreements based upon *Bottaro v. Hattan Associates*, 96 F.R.D. 158 (E.D.N.Y. 1982). *Bottaro* is an application of F.R.E. 408, not Fed. R. Civ. P. 26. In *Bottaro* one defendant entered into a settlement agreement with the plaintiffs which provided that the terms of the settlement would not be divulged. 96 F.R.D. at 159. The non-settling co-defendants moved to compel disclosure of the settlement agreement. *Id.* The *Bottaro* court refused to compel discovery, holding that the co-defendants had not made "a particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement". 96 F.R.D. at 160. The holding of *Bottaro* is not applicable in this action, as HOVIC and AHC have placed the settlement agreement in issue - in fact the settlement with the *Manbodh* plaintiffs is the basis of their complaint. *Amended Complaint at ¶ 9.*

Initially, it should be noted that the ruling in *Bottaro* has been rejected and widely criticized in subsequent opinions. The same District Court which issued *Bottaro* has since rejected the holding in *Bottaro.* In *Rates Technology, Inc. v. Cablevision Systems Corp.*, 2006 WL 3050879 (E.D.N.Y., 2006), at p.3, fn3, the court stated that "to the extent the *Bottaro* court may have applied a heightened standard to the discoverability of settlement agreements by requiring a 'particularized showing of a likelihood

that admissible evidence will be generated,' this result is contrary to Rule 26 . . .." The *Bottaro* case is no longer even good law in its home district. The *Bottaro* case has never been the law in the Virgin Islands, and its holding is simply not applicable in the context of this case. The settlement with the underlying plaintiffs is one of the elements of the instant case seeking indemnity. The settlement agreement itself must be placed into evidence at trial. Discovery of the agreement cannot be withheld on the basis of confidentiality. Instead, the settlement agreement should have been disclosed voluntarily pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii) as it is a document that HOVIC and AHC will "use to support its claims".

Likewise, all information concerning settlement payments - the amounts and who made the payments - is discoverable in this action. HOVIC and AHC have sued to recover the "sums paid to [the *Manbodh*] Plaintiffs". *Second Amended Complaint at ¶9.* Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii), HOVIC and AHC are required to disclose without request:

> a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The amounts paid in settlement to the *Manbodh* plaintiffs comprise the damages sought in this action, and there is no basis upon which HOVIC and AHC can withhold this basic information.

Finally, all information regarding who made the payments to the *Manbodh* plaintiffs is relevant and discoverable. Every action must be prosecuted by the real party in interest. *Fed.R.Civ.P. 17(a)(1).* If the insurers of HOVIC and AHC made the settlement payments, either in whole or in part, that information is relevant to determine whether this action is being prosecuted by the real parties in interest. This includes all information regarding any loan agreements, or similar agreements, by which the insurers may have provided funding for the settlement payments.

In sum, HOVIC and AHC have sued Ingersoll-Rand to recover the amounts paid in the *Manbodh* settlement. The settlement agreement, and the settlement payments, are elements of the case and must be offered into evidence at trial. This information cannot be withheld from discovery.

**B.   HOVIC and AHC responses to discovery requests seeking identification of the contract or contracts of indemnity on which this litigation is premised.**

### (1) Discovery requests and responses

Ingersoll-Rand initially propounded the following interrogatory to HOVIC:

> **Interrogatory No. 5:**  As to each settled plaintiff's claim for which you seek indemnity or contribution from Ingersoll Rand Company, specifically identify the contract or contracts which you contend obligates Ingersoll Rand Company to indemnify HOVIC, or to make a payment in contribution. This answer should specifically identify what contract or contracts is applicable to each settled plaintiff's claim.

The following response was provided by HOVIC:

**Response:** Objection. See Preliminary Statement of Objection. HOVIC further objects to this discovery request to the extent that the information requested is equally available and/or in the possession of the propounding parties. Without waiving these objections, HOVIC responds that, in the absence of a specific contract, all "subcontractor[s] or other compan[ies]" that performed "services" at the HOVIC refinery were required to have a purchase order with HOVIC in relation to the services provided. In fact, in absence of specific contracts, HOVIC had purchase orders with IRC. A representative sample of the purchase order has also been produced to IRC and is attached to HOVIC's Complaint in this matter. The purchase order was issued before or around the time that the services were provided and/or performed. All HOVIC purchase orders were valid and binding contracts to the which the "subcontractor[s] or other compan[ies]" were parties. HOVIC complied with the terms of the purchase orders by payment to the "subcontractor[s] or other compan[ies]".

From 1965 through June 10, 1982, and from November 29, 1984 to October 30, 1998, HOVIC purchase orders contained the following indemnification language:

INDEMNITY.

(a) If the use of Seller's employees, subcontractors and others under Seller's control at the plant or place where the materials is to be used or installed is involved, such persons are to be subject to the rules of said plant or place for safety and fire protection.

(b) The Seller further will indemnify and save harmless, the Buyer from and against any and all demands, loss or liability for or on account of any injury, including death, or damage received or sustained by any person or persons, including any employee, representative, agent or invitee of the Seller or any of its subcontractors, or Buyer or Buyer's employees, by reason of any act or neglect on the part of Seller or its subcontractors or the employees, representatives, agents or invitees of the Seller or its subcontractors **in connection with or arising out of the furnishing of the articles, materials or work hereunder**. (Emphasis added)

(c) Seller shall furnish Certificates of Insurance satisfactory in form to Buyer indicating that Seller is covered by (i) Workmen's Compensation Insurance in the statutory amount required by the territory or state in which Seller is required to perform, and (ii) Contractor's or Manufacturer's Public Liability Insurance, specifically extended to and including the indemnity agreement set forth in 8(b_) above, and Automobile Public Liability Insurance, both of which shall be in such amounts and in such responsible insurance companies covering injury and property damage

> as Buyer shall determine to be necessary and
> satisfactory. In such cases, Seller shall also furnish or
> notify Buyer of the employer identification numbers
> allocated to Seller under the Unemployment Compensation
> Law of the territory or state in which the work is to be
> done and under the Federal Social Security Laws.

Pursuant to F.R.C.P. 33(d), IRC may inspect the documents produced
on HOVIC's website. The terms of the contracts speak for
themselves. HOVIC specifically reserves the right to supplement
this response.

The same interrogatory was propounded to AHC, and an identical

response received.

Subsequent to the December 10, 2008 "Supplemental Disclosure"

by HOVIC and AHC, Ingersoll-Rand propounded the following

interrogatory to both AHC and HOVIC:

> **Interrogatory No. 2:** As to every person identified in the
> Plaintiffs' Supplemental Disclosure of December 10, 2008
> (attached hereto as Exhibit A) identify the specific
> contract or contracts which Plaintiffs contend entitles
> them to indemnity from Ingersoll-Rand Company.

In response to this Interrogatory both AHC and HOVIC provided

exactly the same objection and insufficient response as follows:

**Response to Interrogatory No. 2:** Objection. See Preliminary
Statement of Objection. HOVIC further objects that this request is
similar in nature to previously tendered and answered
interrogatories. HOVIC further objects to this discovery request to
the extent that the information requested is equally available
and/or in the possession of the propounding parties. Without
waiving these objections, HOVIC responds that, in the absence of a
specific contract, all "subcontractor[s] or other compan[ies]" that
performed "services" at the HOVIC refinery were required to have a
purchase order with HOVIC in relation to the services provided. In
fact, in absence of specific contracts, HOVIC had purchase orders
with IRC. A representative sample of the purchase order has also
been produced to IRC and is attached to HOVIC's Complaint in this
matter. The purchase order was issued before or around the time
that the services were provided and/or performed. All HOVIC
purchase orders were valid and binding contracts to which the
"subcontractor[s] or other compan[ies]" were parties. HOVIC

complied with the terms of the purchase orders by payment to the "subcontractor[s] or other compan[ies]".

Pursuant to F.R.C.P. 33(d), IRC may inspect the documents produced on HOVIC's website and the documents have previously been produced. The terms of the contracts speak for themselves. HOVIC specifically reserves the right to supplement this response.

**(2) <u>Analysis and Argument</u>**: The single count in the HOVIC and AHC Second Amended Complaint is entitled "Contractual Indemnification". However, HOVIC and AHC have refused to identify or produce the contract or contracts upon which their claim for indemnity is premised. Instead, HOVIC and AHC have merely quoted the language of an anonymous purchase order form and claim that this language was included in every contract or purchase order for goods or services at the HOVIC refinery. This is insufficient – the quoted indemnity language provides that any duty to indemnify is only "in connection with or arising out of the furnishing of the articles, materials or work hereunder". *HOVIC Response to Interrogatory No. 5, quoted supra.* The purchase order language does not purport to create any blanket duty to indemnify for any claim at the refinery – instead the claim must be connected to the "articles, materials or work hereunder" which were provided pursuant to a particular purchase order.

HOVIC's and AHC's reference to documents produced on a discovery website maintained in connection with the *Manbodh* litigation is unavailing. There is nothing on the website which identifies which purchase order is applicable to any particular claim of any claimant in the *Manbodh* litigation. Only HOVIC and

AHC are in a position to specifically identify which purchase order might be applicable and creates an obligation to idemnify as to any particular claim. This is part of their proof in this litigation, and Ingersoll-Rand cannot be forced to speculate what purchase order, if any, might form the basis of HOVIC's and AHC's claims.

**C. HOVIC's and AHC's objection to the identification of any Ingersoll-Rand product which was alleged to have caused exposure to any claimant in the *Manbodh* litigation.**

### (1) Interrogatories and Responses

Ingersoll-Rand propounded the following interrogatories to both HOVIC and AHC, and received the quoted identical responses from both HOVIC and AHC:

> **Interrogatory No. 6:** (A) Specifically identify each product, piece of equipment or other item sold by Ingersoll Rand which you contend contained asbestos components.
> (B) As to each product, piece of equipment or other item identified in your response to Interrogatory No. 6 (A), specifically identify the settled plaintiff who suffered injury from asbestos exposure due to the presence of that product, piece of equipment or other item at the HOVIC refinery.
> (C) Identify all persons with knowledge of the matters stated in your responses to Interrogatories Nos. 6 (A) and 6 (B).

**Response to Interrogatory No. 6:** Objection. See Preliminary Statement of Objection. Hess further objects to this discovery request to the extent that it requests information unrelated to and not relevant to the propounding party's defenses thereto. Hess further objects to the extent that this discovery requests asks for a compilation that does not exist. Hess further objects to the extent that the information that the propounding parties seek is equally available to the propounding parties from the documents and information in their possession and from the documents that are posted on HOVIC's web site and those documents produced in discovery thus far. Pursuant to FED. R. CIV. P. 33(d), Hess refers IRC to those documents produced with its Disclosures and Supplements thereto.

(A) Without waiving the above objections, Hess responds that all types of asbestos containing products, including pumps and compressors were sold by IRC to the HOVIC refinery. These products were "utilized", "installed, in use or present" throughout the HOVIC refinery as a result of the design and installation work of IRC. The products were also "removed" as a result of Hurricane Hugo in September 1989 and the continuing asbestos abatement program that began in 1982 at the refinery.

Without waiving said objection, Hess has identified the following pumps and compressors sold by IRC to HOVIC which contain asbestos-containing products and those pumps and compressors have been individually identified in the response to Interrogatory No. 12, *infra*.

(B) Please refer to those individuals identified in response to Interrogatory No. 1.

(C) Please refer to those individuals listed in Plaintiffs' Disclosures and Supplements thereto. Additional individuals may be identified on the HOVIC purchase orders produced with Plaintiffs' Disclosures and Supplements thereto.

> **Interrogatory No. 10:** Specifically describe the injuries of each settled plaintiff, and state how these injuries relate to the presence of any product, equipment or other item supplied by Ingersoll-Rand Company at the HOVIC refinery.

**Response to Interrogatory No. 10:** Objection. See Preliminary Statement of Objection. Hess specifically objects to this discovery request to the extent that it seeks information and material that is unrelated and not relevant to Plaintiffs contribution and/or indemnifications claims and/or to the propounding parties' defenses thereto. Hess further objects on the grounds that this request is oppressive, unduly burdensome and overly broad. Hess notes that IRC may also be in possession of documents and information responsive to this request. With respect to information and documents responsive to this and these discovery requests, this and these discovery requests are more properly directed to the parties that possess the information and documents, namely, the companies, who employed plaintiffs and/or supplied products to plaintiffs. In addition, Hess reasserts those objections made in each of its discovery responses as if set forth in full herein.

Hess objects to this request to the extent that it requires the production of information and documents which have heretofore been provided, pursuant to Court order on the web sites maintained by HOVIC. Pursuant to FED. R. CIV. P. 33(d), the propounding parties may inspect the documents on the HOVIC web site. To the extent that this request requires information already produced,

HOVIC objects on the grounds that said request is duplicative of prior requests and responses.

To the extent that a response is required, and without waiving the above objections, Hess directs IRC to the HOVIC web site which contains a copy of the Complaint for every single plaintiff in the Kelvin Manbodh litigation series. Each Complaint contains the following paragraph:

> Plaintiffs were allegedly injured due to exposure to finished and unfinished asbestos products, products containing asbestos, catalyst, refractory, dust, particles, fibers, and other harmful and hazardous and toxic substances while working at or near what is commonly known as the Hess Oil Refinery located at St. Croix, U.S. Virgin Islands, or elsewhere.

In addition, HOVIC has provided information on its web sites which details the alleged exposures of each plaintiff. To the extent that this request requires a further response, Hess objects on the grounds that said requests are duplicative of prior discovery requests and responses.

The web site contains:
a) Affidavits for each plaintiff enumerated below that detail alleged asbestos exposures at the HOVIC Refinery.
b) Medical records for each plaintiff enumerated below which detail:
1. A history of alleged asbestos exposure at the refinery
2. Test results evidencing and an opinion of a medical expert detailing an asbestos-related disease.
c) Discovery responses for a number of plaintiffs detailing alleged exposure to catalyst and other chemicals.
d) Citations to deposition testimony which detail alleged exposure of plaintiffs to catalyst and other chemicals.
e) Discovery responses and citations to deposition testimony detailing the plaintiffs allegations of the lack of respiratory protection.

Ingersoll-Rand also propounded the following interrogatory to both

AHC and HOVIC:

> **Interrogatory No. 11:** Identify any statement from any of the settled plaintiffs in which that settled plaintiff asserts that he or she suffered injury due to the presence of any product, equipment or other item supplied by Ingersoll Rand Company to the HOVIC refinery.

AHC and HOVIC made the following identical response:

**Response to Interrogatory No. 11:** Objection, see Preliminary Statement of Objection. Hess notes that IRC may also be in possession of documents and information responsive to these requests. Hess also notes that plaintiffs prosecuted their claims on the basis of a "fiber drift theory". See plaintiffs expert reports and the response to Interrogatory No. 10.

Ingersoll-Rand further propounded the following interrogatory to

both AHC and HOVIC:

> **Interrogatory No. 16:** (A) Identify each and every instance in which the release or presence of asbestos fibers at the HOVIC refinery has been attributed to the any product, equipment or other item supplied by Ingersoll Rand Company.
> (B) As to every instance identified in your response to Interrogatory No. 16 (A), identify all persons with knowledge of the facts supporting that response.

HOVIC and AHC provided identical responses to this interrogatory as

well, stating as follows:

**Response to Interrogatory No. 16:** Objection. See Preliminary Statement of Objection. Hess specifically objects to this discovery request to the extent that it seeks information and material that is unrelated and not relevant to Plaintiffs contribution and/or indemnifications claims and/or to the propounding parties' defenses thereto. Hess further objects on the grounds that this request is oppressive, unduly burdensome and overly broad. Hess notes that IRC may also be in possession of documents and information responsive to this request. With respect to information and documents responsive to this and these discovery requests, this and these discovery requests are more properly directed to the parties that possess the information and documents, namely, the companies, who employed plaintiffs and/or supplied products to plaintiffs. In addition, Hess reasserts those objections made in each of its discovery responses as if set forth in full herein.
Hess objects to this request to the extent that it requires the production of information and documents which have heretofore been provided, pursuant to Court order, on the web sites maintained by HOVIC. Pursuant to FED. R. CIV. P. 33(d), the propounding parties may inspect the documents on the HOVIC web site. To the extent that this request requires information already produced, Hess objects on the grounds that said request is duplicative of prior requests and responses.

(A) To the extent that a response is required, and without waiving the above objections, Hess directs IRC to the HOVIC web site and the documents produced with Plaintiffs' Disclosures and Supplements thereto which contains a copy of the purchase order agreements, which identify when each piece of equipment and part was purchased for utilization at the refinery. The asbestos products were installed and present at the refinery from the 1960's through the 1980's.

(B) Please refer to those individuals listed in Plaintiffs' Disclosures and Supplements thereto. Additional individuals may be identified on the HOVIC purchase orders produced with Plaintiffs' Disclosures and Supplements thereto.

### (2) **Request for Production**

Ingersoll-Rand propounded the following request for production to HOVIC and AHC:

> **Request for Production No. 9:** Medical records of any settled plaintiff whose claimed injuries were attributed to asbestos exposure caused by any product, equipment or other item supplied by Ingersoll-Rand to the HOVIC refinery.

HOVIC and AHC responded as follows:

**Response to Request for Production No. 9:** Please refer to those documents produced on HOVIC'S website.

### (3) **Analysis and Argument**

HOVIC's and AHC's reference to documents produced on a website created for other litigation is completely non-responsive. None of the records available for viewing identify any entity other than HOVIC and/or AHC as having caused the injuries complained of by the *Manbodh* claimants. The statement that the *Manbodh* claimants prosecuted their claims on a "fiber drift theory" is irrelevant to this litigation. HOVIC and AHC have asserted that they are entitled to indemnity based on certain specific contracts with Ingersoll-Rand, not on the basis of some common-law right to

indemnity. According to the indemnity language oft-quoted by HOVIC and AHC, the indemnity claims must arise from "the furnishing of the articles, materials or work hereunder". In order to prove their case HOVIC and AHC must be able to prove as one element that a *Manbodh* claimant's injury was caused by a particular product of Ingersoll-Rand. All of the above-quoted discovery requests seek information that, if it exists, is peculiarly within the control of AHC and HOVIC. It is not a sufficient response to simply point to thousands of documents available on a website and say "find it yourself". It is particularly inappropriate when none of those documents are responsive to the specific discovery requests propounded by Ingersoll-Rand.

**D. HOVIC's and AHC's refusal to disclose information regarding payments to HOVIC or AHC by any other persons or entities in response to demands for indemnity by HOVIC or AHC.**

Ingersoll-Rand propounded the following interrogatory to both HOVIC and AHC:

> **Interrogatory No. 4:** (A) As to each claim settled as identified in response to Interrogatory No. 1, state any amounts paid to HOVIC, Amerada Hess Corporation and/or their insurers in response to a claim for indemnity or contribution made by HOVIC, Amerada Hess and/or its insurers.
> **(B)** As to the amounts stated above, specifically identify the person or entity making the payment, and the settled plaintiff's claim to which such payment is applicable.

HOVIC and AHC both provided the following identical response:

**Response to Interrogatory No. 4:** Objection. See Preliminary Statement of Objection. Hess further objects on the grounds that a response related to any other person or entity other than Hess is

oppressive, or overly broad and unduly burdensome. Hess further objects on the grounds that any response related to Hess may not be provided inasmuch as the terms of the indemnity agreements between Hess or other parties may be subject to confidentiality agreements which may not be violated in the absence of an appropriate Court order.

The objection that "a response related to any other person or entity other than [HOVIC or HESS] is oppressive, or overly broad and unduly burdensome" is without basis. These requests seek information regarding payments made to HOVIC and/or AHC from other entities in response to a demand for indemnity. HOVIC and AHC can only be indemnified once, not multiple times by multiple parties. If HOVIC and AHC have already been paid indemnity on these same claims by other entities this action is without basis. The amounts paid, who made the payments and all documents relating to the payments are relevant and discoverable.

## III. Conclusion

The discovery responses referenced in this Memorandum are unresponsive to the requests served by Ingersoll-Rand in this action. HOVIC and AHC have alleged a claim for contractual indemnity, but have refused to disclose even the most basic information regarding their claim.

WHEREFORE, Ingersoll-Rand Company prays this Court to enter an order compelling the Plaintiffs to provide full, accurate and complete responses to the outstanding discovery requests.

Date: May 4, 2009   /s/ John H. Benham
          JOHN H. BENHAM
          V.I. Bar No. 130
          LAW OFFICE OF JOHN H. BENHAM, P.C.
          No. 1 Frederiksberg Gade
          P.O. Box 11720
          St. Thomas, VI 00801-4720
          Tel:  (340) 774-0673
          Fax:  (340) 776-3630
          Attorneys for Defendant
          Ingersoll-Rand Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May 2009, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO COMPEL DISCOVERY with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Britain H. Bryant, Esquire
    Sunshine S. Benoit, Esquire
    Bryant, Barnes, Moss, Beckstedt & Blair, LLP
    1134 King Street, 2nd Floor
    P.O. Box 224589
    Christiansted, St. Croix, VI 00822
    E-mail:  bbryant@bryantbarnes.com
         sbenoit@bryantbarnes.com

       /s/ John H. Benham
       JOHN H. BENHAM
       V.I. Bar No. 130
       LAW OFFICE OF JOHN H. BENHAM, P.C.
       No. 1 Frederiksberg Gade
       P.O. Box 11720
       St. Thomas, VI 00801-4720
       Tel:  (340) 774-0673
       Fax:  (340) 776-3630
       E-mail: jhbenham@wattsbenham.com